UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: _____

| | |
|---|---|
| SCOTT DICKMAN, )<br>    Plaintiff    )<br>            )<br>v.            )<br>            )<br>MIKE'S CAR CARE CENTER, INC., )<br>and MICHEL AWDE,    )<br>    Defendants    ) | COMPLAINT |

## **INTRODUCTION**

Plaintiff, Scott Dickman ("Plaintiff" or "Dickman") brings this action against Defendants, Mike's Car Care Center, Inc. ("MCCC") and MCCC's owner and president, Michel Awde ("Awde") (collectively as "Defendants"), for violations of the Fair Labor Standards Act, 29 U.S.C. 201, et seq., ("FLSA"), Massachusetts General Law chapter ("M.G.L. c.") 149. §§ 148, 150, and for violations of Massachusetts common law. Defendants' non-payment of FLSA required overtime wages to Plaintiff constitutes failure to timely pay wages as required by M.G.L. c. 149 § 148, the violation of which carries treble damages under M.G.L. c. 149 § 150. Plaintiff seeks compensatory damages, statutory damages, interest, costs, and attorneys' fees.

## **PARTIES**

1. Plaintiff Dickman is an individual with a residence at 94 Upton Street, Grafton, Worcester County, Massachusetts 01519.

2. Defendant MCCC is a Massachusetts corporation, with a principle place of business at 101 Worcester Street, Grafton, Worcester County, Massachusetts 01536.

3. Upon information and belief, Defendant Awde is an individual residing at 30 Morgan Drive, North Grafton, Worcester County, Massachusetts 01536.

## JURISDICTION

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 because this case involves a federal claim, and because the Defendants operate in Massachusetts.

5. This Court is the proper venue pursuant to 28 U.S.C. § 1391(b).

## FACTS

6. Plaintiff is not an exempt employee under the FLSA.

7. Defendants are not an exempt employer under the FLSA.

8. MCCC owns and operates Mike's Car Care Center in Grafton, Massachusetts—an auto care business.

9. Awde is the president, treasurer, and a director of MCCC.

10. Awde customarily handled matters associated with payment of wages to MCCC employees.

11. On approximately November 4, 2017, MCCC hired Plaintiff to work as a mechanic.

12. Plaintiff's duties included diagnosing, repairing, and road-testing customer vehicles.

13. Between November 4, 2017 and June 21, 2020 ("Employment"), Defendants uniformly paid Plaintiff a flat rate of $25 per-hour ("Flat Rate").

14. Plaintiff routinely worked over forty (40) hours in a week.

15. Despite working a substantial number of overtime hours, Defendants did not pay Plaintiff an hourly wage over the Flat Rate.

16. Defendants paid Plaintiff on a weekly basis.

17. Plaintiff did not receive proper payment of wages because Defendants did not pay Plaintiff at least one and one-half times Plaintiffs' regular rate of pay or $37.50 for each hour worked in excess of 40 hours per week.

18. Defendants knew that their conduct was prohibited by the FLSA or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA.

19. Plaintiff ended his employment with Defendants on or about June 21, 2020.

20. Plaintiff filed a timely complaint with the Massachusetts Attorney General's Office requesting permission to pursue a private right of action in Court against Defendants, which permission was granted.

21. Plaintiff has complied with all prerequisites to filing this lawsuit.

## COUNT I
### The Fair Labor Standards Act – Payment of Due Overtime
### (29 U.S.C. § 207)
### (Against all Defendants)

22. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully in this count of the Complaint.

23. Defendants regularly employed Plaintiff for workweeks longer than forty (40) hours.

24. During the weeks where Plaintiff worked more than forty (40) hours, Plaintiff did not receive compensation for his employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he was employed as required by the FLSA.

25. Pursuant to 29 U.S.C. § 203, Awde is personally liable for the FLSA violation.

26. Plaintiff is entitled to damages.

## COUNT II
### Weekly Payment of Wages – Failure to Timely Pay Wages
### (Mass. Gen. Laws Ch. 149, §§ 148, 150)
### (Against all Defendants)

27. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully in this count of the Complaint.

28. Defendants failed to pay Plaintiff weekly or bi-weekly the wages earned by him within seven days of the termination of the pay period during which the wages were earned.

29. Plaintiff was employed at least five days in a calendar week by Defendants.

30. Defendants did not pay Plaintiff wages in full on the following regular pay day for all hours worked in a workweek.

31. Pursuant to M.G.L. c. 149 § 148, Awde is personally liable for the wage violation.

32. Plaintiff is entitled to treble damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants:

a. awarding Plaintiff compensatory and/or liquidated damages and multiple damages in an amount to be proven at trial, together with prejudgment interest at the maximum rate allowed by law;

b. imposing all statutory penalties as permitted by law against the Defendants, and its officers, directors and other liable employees, including treble damages;

c. awarding Plaintiff his costs and disbursements of this suit, including, without limitation, reasonable attorneys', accountants' and experts' fees and such interest as provided by law;

d. awarding Plaintiff such other and further relief as the Court may deem just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

[*signature page follows*]

Respectfully submitted,
Scott Dickman
By Dickman's Attorney,


*/s/Christopher M. Hennessey*
Christopher M. Hennessey (BBO # 654680)
Elizabeth Tully (BBO # 685855)
COHEN KINNE VALICENTI & COOK LLP
28 North Street, 3rd Floor
Pittsfield, Massachusetts 01201
Phone: (413) 443-9399
Facsimile: (413) 442-9399
chennessey@cohenkinne.com
etully@cohenkinne.com

Dated: October 7, 2020